IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHY JOLLIFF,<br><br>    Plaintiff,<br><br>v.<br><br>THE ROGERS COUNTY SHERIFF'S DEPARTMENT, KAYLA JONES, DANIEL JOHNSON, RYAN PRICE, ZANE POWERS, AND LINDON DANCER,<br><br>    Defendants. | Court No. 4:24-cv-00065-JCG-SH |

**OPINION AND ORDER**

Plaintiff Kathy Jolliff ("Plaintiff" or "Jolliff") filed this action on February 19, 2024, alleging Constitutional deprivations under 42 U.S.C. § 1983 arising from her detention by Defendants the Rogers County Sheriff's Office ("Sheriff's Office") and then-unidentified employees or agents of the Sheriff's Office ("John and Jane Doe Defendants") on February 26–27, 2022.  Compl. (Doc. 2) at ¶¶ 7, 43.  Plaintiff filed an Amended Complaint on March 1, 2024, and a Second Amended Complaint on September 5, 2025.  Am. Compl. (Doc. 5); Second Am. Compl. (Doc. 64).  Plaintiff added the following Defendants in her Second Amended Complaint: Kayla Jones ("Jones"), Daniel Johnson ("Johnson"), Ryan Price

("Price"), Zane Powers ("Powers"), and Lindon Dancer ("Dancer") (collectively, "Individual Defendants"). Second Am. Compl. at ¶ 3. Plaintiff removed John and Jane Doe Defendants in the Second Amended Complaint. Compare id., with Compl. at ¶ 3.

Individual Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, claiming that the statute of limitations had expired on February 27, 2024. Mot. Dismiss Defs. Supp. Br. ("Defs.' Mot.") (Doc. 71) at 1–3; Corr. Mot. Dismiss Defs. (Doc. 72). Plaintiff filed her Response Opposing Motion to Dismiss and Individual Defendants filed their Reply in Support of Motion to Dismiss. Resp. Opp'n Mot. Dismiss ("Pl.'s Resp.") (Doc. 73); Defs. Reply Supp. Mot. Dismiss ("Defs.' Reply") (Doc. 74). For the following reasons, Individual Defendants' motion is denied.

## BACKGROUND

Plaintiff named the Sheriff's Office, through Scott Walton, and John and Jane Doe Defendants in her Complaint filed on February 19, 2024. Compl. at ¶ 2–3. John and Jane Doe Defendants were described as "unknown individual employees or agents of the Sheriff, whose identities Jolliff reasonably expects to be obtained during Discovery." Id. at ¶ 3. On July 7, 2025, the Court held a status hearing regarding discovery. See Min. Sheet (Doc. 47). The Court ordered the

Sheriff's Office to provide Plaintiff within fourteen days the names of the individuals who were on duty the night of her detention. See id.; Scheduling Order (Doc. 48). On July 22, 2025, the Parties filed Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a). Initial Disclosures Def. Sheriff's Off. (Doc. 51); Pl.'s Initial Disclosures (Doc. 52). Plaintiff named Individual Defendants in her Second Amended Complaint. See Second Am. Compl. at ¶ 3.

Plaintiff's Second Amended Complaint stated that Plaintiff did not know the identities of the Individual Defendants until the Sheriff's Office submitted its Initial Disclosures. Id. at ¶ 111; see Initial Disclosures Def. Sheriff's Off. at 1–3. Plaintiff claimed that the Sheriff's Office and Individual Defendants knew from the Complaint that her claims were directed at them. Second Am. Compl. at ¶ 112. Jolliff stated that Defendant Jones was the only female Deputy at the jail on the night of the events, thus Defendant Jones "knew or should have known that the averments directed at a specifically *female* Deputy must have been directed at her." Id. at ¶ 113 (emphasis in original); see Compl. at ¶ 34. Plaintiff alleged that Defendant Johnson was the only on-site supervisor at the time and Defendant Powers the only booking deputy that night, and that they both "knew or should have known" that the allegations directed at the "on-site supervisor" and "booking Deputy" involved them. Second Am. Compl. at ¶¶ 114–15; see Compl. at ¶¶ 21–42.

Plaintiff stated that the Sheriff's Office intentionally concealed the existence and identity of medical professional Leighann Williams ("Williams") and her contract employer Turn Key Health Clinics, LLC ("Turn Key"). See Second Am. Compl. at ¶¶ 88, 89, 116. Plaintiff alleged that knowledge that there was a qualified medical professional, Williams, at the jail was necessary "to bring her claims against the Individual Defendants." See id. at ¶ 117. Plaintiff claimed that this intentional concealment provides adequate grounds for equitable tolling of her claims against Individual Defendants. Id. at ¶ 118.

## LEGAL STANDARD

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to a form of relief. Fed. R. Civ. P. 8(a)(2). A response to a pleading must state any affirmative defenses to the claims such as a statute of limitations defense. Fed. R. Civ. P. 8(c)(1). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal ("Iqbal"), 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly ("Twombly"), 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility requires "more than a sheer possibility that a

Court No. 4:24-cv-00065-JCG-SH                                                                 Page 5

defendant has acted unlawfully." Id. The Court must assume the factual allegations contained in a complaint to be true and draw all reasonable inferences in favor of the non-moving party when considering a motion to dismiss. Twombly, 550 U.S. at 555–56. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 556 U.S. at 679.

**I.      Statute of Limitations**

Individual Defendants argue that the applicable statute of limitations bars all of Plaintiff's claims against them. Defs.' Mot. at 1. Individual Defendants claim that Plaintiff "filed this suit on February 19, 2024, just days before the statute of limitations expired on her claims." Id. at 2. Plaintiff's original complaint did not name any of the Individual Defendants. Id. Both the original and Amended Complaint named "John and Jane Doe" as Defendants. Id.; Compl. at ¶ 3; Am. Compl. at ¶ 3. Plaintiff's Second Amended Complaint, filed on September 5, 2025, substituted the names of Individual Defendants in place of the John and Jane Doe Defendants. Defs.' Mot. at 3; Second Am. Compl. at ¶ 3. Individual Defendants argue that "this substitution is barred by law, as the statute of limitations ran on all of [Plaintiff's] claims against Individual Defendants on February 27, 2024." Defs.' Mot. at 3.

The statute of limitations for a "[42 U.S.C.] § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose . . . and in Oklahoma, that period is two years." McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007); 12 Okla. Stat. tit. 12, § 95(A)(3) (2025) ("Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: . . . [w]ithin two (2) years: . . . [for] an action for injury to the rights of another, not arising on contract[.]")).

Limitations periods in § 1983 actions are also determined by the states' coordinating tolling rules. Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) (quoting Hardin v. Straub, 490 U.S. 536, 539 (1989)). A state's limitations and tolling rules are applied "unless doing so 'defeats either § 1983's chief goals of compensation and deterrence or its subsidiary goals of uniformity and federalism.'" Johnson v. Garrison, 805 Fed. App'x. 589, 593 (10th Cir. 2020) (quoting Hardin v. Straub, 490 U.S. at 539). Oklahoma permits tolling of the statute of limitations for a "legal disability," the "discovery rule" that "tolls the statute of limitations until the injured party knows of or should have known of the injury," and for "exceptional circumstances[.]" Id. (quoting Alexander v. Oklahoma, 382 F.3d 1206, 1217 (10th Cir. 2004)).

## DISCUSSION

Plaintiff acknowledged that she substituted Individual Defendants in her Second Amended Complaint "[a]fter obtaining identification of several additional individual defendants but following the running of the statute of limitations[.]" Pl.'s Resp. at 7. Both Individual Defendants and Plaintiff recognize that the primary question is whether Plaintiff's Second Amended Complaint can sufficiently relate back to the date of the Complaint pursuant to Federal Rule of Civil Procedure 15(c) to be considered timely. See Defs.' Mot. at 5; see also Pl.'s Resp. at 1; Fed. R. Civ. P. 15(c).

**I.    Rule 15(c) Relation Back of Amendments After the U.S. Court of Appeals for the Tenth Circuit's <u>Garrett v. Flemming</u> and the U.S. Supreme Court's <u>Krupski v. Costa Crociere S. p. A.</u>**

Federal Rule of Civil Procedure Rule 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." <u>Krupski v. Costa Crociere S. p. A.</u>, 560 U.S. 538, 541 (2010). Pursuant to Federal Rule of Civil Procedure 15(c)(1)(C), an amendment to a pleading relates back to the date of the original pleading when:

> [T]he amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). Individual Defendants claim that Plaintiff's Second Amended Complaint that replaced the John and Jane Doe Defendants with Individual Defendants does not sufficiently relate back to the filing of her original complaint according to the U.S. Court of Appeals for the Tenth Circuit's ("Tenth Circuit") holding in Garrett v. Fleming ("Garrett"), 362 F.3d 692 (10th Cir. 2004). See Defs.' Mot. at 5 (citing Garrett, 362 F.3d at 696–97). Individual Defendants argue that Plaintiff's claims are time-barred and dismissal is required. Id.

In Garrett, the Tenth Circuit stated that "[a] plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type Rule 15(c)(3) was meant to address." 362 F.3d at 697.[1] Garrett involved a civil rights claim in which the plaintiff filed an amended complaint outside of the applicable statute of limitations naming correctional officers after his

---

[1] Rule 15(c)(3) no longer exists in the Federal Rules of Civil Procedure after stylistic amendments were made to Rule 15 in 2007. Fed. R. Civ. P. 15 2007 Amendment ("The language of Rule 15 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent through the rules. These changes are intended to be stylistic only.").

initial complaint named thirty "John Does," whose names were then unknown to him. Id. at 694–95. The Tenth Circuit agreed with the District Court that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)(3)(B)." Id. at 696. Individual Defendants and Plaintiff disagree on how this Court should treat Garrett after the U.S. Supreme Court's ruling in Krupski v. Costa Crociere S. p. A. ("Krupski"), 560 U.S. 538 (2010), that resolved differing interpretations among federal courts regarding the elements of Rule 15(c). See Krupski, 560 U.S. at 541–46; Defs.' Mot. at 9; Pl.'s Resp. at 4–5.

The U.S. Supreme Court in Krupski focused on the knowledge aspect of relation back under Rule 15(c)(1)(C). See 560 U.S. at 541. In Krupski, the Supreme Court held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." Id. The Supreme Court in Krupski stated that the Court of Appeals incorrectly focused on the plaintiff's knowledge when applying Rule 15(c)(1)(C)(ii) because the text of the Rule "asks what the prospective *defendant* knew or should have known during the Rule 4(m) period[.]" Id. at 548 (emphasis in original). The Supreme Court explained that "[i]nformation in the plaintiff's possession is relevant only if it bears

on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." Id.

### II. The "Arising Out Of," Unprejudicial Notice, and Knowledge Requirements of Rule 15(c)

Individual Defendants and Plaintiff disagree over whether two out of three required elements in Rule 15(c) are met. See Defs.' Mot. at 19; see also Pl.'s Resp. at 12. An amendment "that changes the party or the naming of a defendant" relates back to the original pleading under Rule 15(c) when the listed requirements[2] are met:

> (1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading and (2) within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Est. of Gonzales v. Brown, No. 12-CV-495-JED-PJC, 2014 WL 4748604, at *7 (N.D. Okla. Sept. 23, 2014); Fed. R. Civ. P. 15(c)(1)(B)–(C). Rule 15(c) does not

---

[2] The unprejudicial notice requirement of Rule 15(c)(1)(C) references the time limits of Federal Rule of Civil Procedure 4(m). See Fed. R. Civ. P. 15(c)(1)(C). Rule 4(m) requires service to a defendant within 90 days after the complaint is filed, notwithstanding exceptions such as good cause or service in a foreign country. See Fed. R. Civ. P. 4(m). Rule 15(c) requires that the added party receive notice of the "institution of the action"—the original complaint. Fed. R. Civ. P. Rule 15(c) advisory committee's note to 1966 amendment; see Maycher v. Muskogee Med. Ctr. Auxiliary, 129 F.3d 131, No. 97-7021, 1997 WL 698007, at *2 (10th Cir. Nov. 6, 1997) (unpublished table decision).

require formal notice. Fed. R. Civ. P. 15(c) advisory committee's note to 1966 amendment; see Krupski, 560 U.S. at 554 n.5; see also Ennis v. HCA Health Servs. Okla., Inc., No. CIV-04-682-D, 2008 WL 2510101, at *4 n.3 (W.D. Okla. June 17, 2008). Notice may be actual, constructive, formal, or informal. Balanciere v. U.S. Postal Serv., 648 F. Supp. 38, 40 (D. Colo. 1984). Courts have found notice when the originally named defendant and added defendant share the same attorney or have a close identity of interest. See 6A Wright & Miller's Federal Practice & Procedure §§ 1498.1, 1499 (3d ed. 2025); Krupski, 560 U.S. at 554[3]; Travelers Indem. Co. v. U.S. Constr. Specialties Co., 382 F.2d 103, 106 (10th Cir. 1967) ("Nor is the purpose of the federal rules furthered by denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced. The ends of justice are not served when forfeiture of just claims because of technical rules is allowed.").

Individual Defendants agree that Plaintiff's Second Amended Complaint arises out of the same transaction or occurrence as the original pleading. Defs.'

---

[3] The Supreme Court in Krupski refrained from analyzing the notice requirement because the District Court's holding that the defendant had "constructive notice" was not challenged on appeal. Krupski, 560 U.S. at 554. The Supreme Court concluded that relation back under Rule 15(c)(1)(C) was satisfied. See id. at 541. The District Court found that notice could be imputed onto the added party, Costa Crociere S.p.A., because it shared an identity of interests with the originally named defendant and both entities were represented by the same counsel. Krupski v. Costa Crociere S.p.A., No. 08-60152-CIV, 2008 WL 7423654, at *4 (S.D. Fla. Oct. 21, 2008), rev'd, 560 U.S. 538 (2010).

Mot. at 19.  Plaintiff's Complaint and Second Amended Complaint concern the same events during her detention on February 26–27, 2022.  Compl. at ¶¶ 7–43; Second Am. Compl. at ¶¶ 7–74.  The Court agrees with the Parties that the Second Amended Complaint arises out of the same conduct and occurrence as the Complaint and meets this requirement under 15(c)(1)(B).

The Parties disagree over whether Individual Defendants received unprejudicial notice of the action within the required time period and whether Individual Defendants had knowledge that the action would have been brought against them but for a mistake concerning their identities.  See Defs.' Mot. at 19; Pl.'s Resp. at 13–14.  The Court concludes that Plaintiff has established the first "arising out of" element of relation back and will analyze whether Plaintiff has pled sufficient facts to establish Rule 15(c)'s unprejudicial notice and knowledge requirements.

### III.  Analysis

At the pleading stage, Plaintiff must allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of" the alleged offense.  Twombly, 550 U.S. at 556.  A well-pleaded complaint can move forward even if proving the alleged facts is "improbable" and "recovery is very remote and unlikely."  Id.  Assuming that Plaintiff's allegations are true in her Second Amended Complaint, it is plausible that Individual Defendants received notice of

Plaintiff's Complaint such that it did not prejudice them. Plaintiff claimed that Individual Defendants are individual employees or agents of the Sheriff and named the Sheriff's Office in her Complaint. Second Am. Compl. at ¶ 3; Compl. at ¶ 2. Plaintiff stated that the Sheriff's Office and Individual Defendants knew from the Complaint that the claims were directed toward them and it is reasonable to infer that they had such knowledge because all the Defendants are uniquely related. See Second Am. Compl. at ¶ 112.

There may be a close employment relationship or a chain of command between the Defendants, assuming that it is true that Individual Defendants are employees or agents of the Sheriff's Office. It is plausible that Individual Defendants, as Deputy Sheriffs, would have known informally or formally of this legal action[4] because it named their Sheriff's Office and concerned events on dates that they worked.[5] See Initial Disclosures Def. Sheriff's Off. at 1–5.

Plaintiff alleged that Individual Defendants are individual employees or agents of the Sheriff's Office and that suggests that they are closely related to the

---

[4] It is relevant in determining whether all the Defendants are closely related to consider that Individual Defendants and the Sheriff's Office share two attorneys because Randall J. Wood and Jessica Marie James Curtis have both entered their appearances as counsel of record for all Defendants. See Entry of Appearance (Docs. 6, 40, 65, 66).

[5] The Sheriff's Office's Initial Disclosures indicate that Defendants Johnson, Price, Powers, Dancer, and Jones were present at the Sheriff's Office in various roles on "February 26–27, 2022." Initial Disclosures Def. Sheriff Off. at 1–5.

Sheriff's Office.  See Second Am. Compl. at ¶ 3.  The original party was named John and Jane Doe Defendants to represent employees or agents of the Sheriff's Office and, as Deputy Sheriffs, Individual Defendants share an identity of interests to the Sheriff's Office.  See Travelers Indem. Co. v. U.S. Constr. Specialties Co., 382 F.2d at 106.  Individual Defendants may have had notice of the Complaint, filed within the statute of limitations, based upon their close employee relationship with the Sheriff's Office and such notice would not prejudice Individual Defendants in their defense of the Second Amended Complaint now.

    Plaintiff's Complaint recounted the events of her detention with specific detail as to the individuals allegedly at fault and their actions or lack of actions.  See Compl. at ¶¶ 32–42 (stating that Plaintiff was refused a medical examination, someone assisted Plaintiff with changing her clothes due to her injured arm, and several individuals told her to "suck it up" and "quit whining").  The specific details pled, such as Defendant Jones being the only female deputy at the jail, Defendant Johnson being the only supervisor, and Defendant Powers being the only booking deputy that night, make it plausible that Individual Defendants had informal or formal notice of the Complaint as it mentioned their conduct directly.  See Second Am. Compl. at ¶ 113–15.

    It is plausible that Individual Defendants received notice in some form of Plaintiff's Complaint given that it named their direct employer and pled detailed

factual scenarios involving their actions or lack of actions on February 26–27, 2022.  The Court concludes that Plaintiff plausibly pled facts sufficient to reasonably infer that Individual Defendants had unprejudicial notice, informal or formal, of her Complaint in accordance with Rule 15(c)(1)(C)(i).

Plaintiff's alleged facts also suggest that Individual Defendants knew or should have known that the Complaint would have been brought against them, but for a mistake concerning their identities.  See Fed. R. Civ. P. 15(c)(1)(C)(ii).  Plaintiff claimed that she did not know the Individual Defendants' identities until Initial Disclosures were filed and that Individual Defendants knew from her Complaint that her claims were directed at them.  Second Am. Compl. at ¶¶ 111–12.  The Initial Disclosures were not filed until after the Court ordered the Sheriff's Office to provide Plaintiff with the identification of individuals who were on duty the night of Plaintiff's detention.  See Min. Sheet; Scheduling Order.  Plaintiff alleged that the Sheriff's Office intentionally concealed the existence, involvement, and identity of Williams and Turn Key, which were necessary to bring her claims against Individual Defendants.  Second Am. Compl. at ¶¶ 116–17.

Considering all the facts in favor of Plaintiff at the pleading stage, it is plausible that Individual Defendants may have known or should have known that Plaintiff named John and Jane Doe Defendants rather than Individual Defendants in the Complaint for reasons that could include a mistake.  Plaintiff only needs to

sufficiently allege facts "to raise a reasonable expectation that discovery will reveal evidence of" this knowledge.  See Twombly, 550 U.S. at 556.  If proof of the alleged facts of Individual Defendants' knowledge is "improbable[,]" that does not prevent Plaintiff's Complaint from surviving at the pleading stage.  Id.  Plaintiff's allegations are plausible enough to raise a reasonable expectation that discovery may reveal evidence of Individual Defendants' knowledge pursuant to Rule 15(c)(1)(C)(ii).

For these reasons, the Court concludes that Plaintiff's Second Amended Complaint plausibly pled facts to meet the requirements under Rule 15(c)(1)(C) and to state a claim for relief that is not barred by the statute of limitations.

## CONCLUSION

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Individual Defendants' Motion to Dismiss (Doc. 71) is denied.

2. On or before February 12, 2026, the Parties shall meet and confer and file with the Court a joint status report regarding discovery and a proposed scheduling order, with a cover letter requesting that the Court enter the joint proposed scheduling order (if there are no disputes or other issues concerning scheduling) or to schedule a Scheduling Conference.  If the Parties are unable to agree upon a proposed scheduling order, each Party shall file a proposed scheduling order by the deadline and contact my Case

Manager, Steve Taronji, by telephone at (212) 264-1611 or via e-mail at steve_taronji@cit.uscourts.gov, to arrange a video conference with the Court.

IT IS SO ORDERED this 5th day of February, 2026.

    /s/ Jennifer Choe-Groves
Jennifer Choe-Groves
U.S. District Court Judge[*]

---

[*]Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.